Reese, J.
delivered the opinion of the court.
The plaintiff was indicted end convicted in the circuit court, for Washington county, of the crime of larceny. The indictment was found at the July tern), 1S36; before the next stated term of that court, a special term intervened, at which time the cause was continued by the consent' of parties, and at the November term, JS36, when the cause was called for trial, the prisoner made the following affidavit to procure a continuance of tbe cause. “The defendant makes oath that the testimony of Robert Rankin and David Moore, of Greene county, will be material for him on the trial of this cause, without the benefit of vthich he cannot come safely to trial. That said witnesses have been regularly summoned, but do not attend; that their non-attendance is not owing to the procurement or default of this affiant, but to the sickness of said witnesses, as affiant is informed. Said witnesses have known this affiant from his boyhood up, and by them he believes he will be able to prove a good character, and other facts of vital importance to his defence in this case. He expects he can have’their attendance, &c. Upon *259 ibis affidavit being presented, the attorney general, on behalf of the state, proposed to admit that the witnesses named said affidavit, if present, would swear to the good character of the defendant as stated in saiil affidavit, and that said witnesses were of good credit, reserving the right of introducing witnesses to prove that the defendant had not a good character, and the court upon that admission ruled the defendant to trial. It is urged that this was erroneous.
In questions of practice of this description, much must be confided to the discretion of the judge who presides upon the trial, and if the authority of this court were often interposed to prescribe or to reform the rules of circuit court practice, the interests of the public would, it is believed, be not generally promoted thereby. But waiving this consideration, let us inquire whether it was the duty of the judge, in the exercise of a sound legal discretion, to have postponed the trial upon the ground in the affidavit presented? We think it was not. We arrive at this conclusion, not by force of the reason which probably impelled the court below, the admission of the attorney general, for that admission going not to the truth of the fact, but being only that the witnesses, if present, would swear as stated, might have been in its practical operation, as has been argued, altogether illusory. We found our conclusion upon the character of the testimony to be made by the absent witnesses; it related to the standing and reputation of the defendant for honesty. The affidavit does not show where the domicil of the defendant had been. It may long have been in the town of Jonesbo-rough, where he might have established a character for good or evil. It does not show that he had ever resided in the county of Greene; it states no sufficient reason why, of all the citizens of Washington and Greene, Rankin and Moore were selected to prove character; and it does not state that the same facts could not be as fully and satisfactorily proved by others. A character for honesty, where it unequivocally exists, can seldom be limited to the, knowledge of a few persons. Unless the affidavit shows the party to be a stranger at the place where he is tried, and the member of another community, it will be intended that he is surrounded by those *260 who, if his character be good, can be readily called upon to testify to the fact. As to the general allegation of the defendant in his affidavit, that by the witnesses named, he could prove other facts of vital importance to his defence, it could not entitle him to a continuance. When a party shows cause by affidavit, he must state facts in order that the court may determine their importance; his opinion of the importance of undisclosed facts can constitute no safe or proper ground for the action of the court.
2d. The prosecutor, who was absent when the goods were stolen, and who was called merely to identify some of them, as having been in his shop, was asked by defendant’s counsel, if after his return he had not expressed suspicions of another person, which being objected to by the attorney general, the court decided that any suspicions which the prosecutor might have entertained on any charge made against another, un'ess founded on facts within his own personal knowledge, were inadmissible as evidence. This opinion of the court below is so obviously correct, that no reasoning of ours can be necessary to fortify it.
3d. The defendant’s counsel asked a witness if he had not heard a negro slave confess that he had stolen the goods in question. The court refused to permit the witness to answer this question. This was clearly right. See State vs. Wright, 9 Yer. Rep. Let the judgment be affirmed.
Judgment affirmed;